UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

ANTONIO CAMACHO,

Defendant.

14-CR-00114 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

On or about February 19, 2014, Defendant Antonio Camacho ("Defendant" or "Camacho") plead guilty, pursuant to a plea agreement, to count one of an information which charged him with conspiracy to distribute and possess with intent to distribute a controlled substance, heroin, in violation 21 U.S.C. §§ 846 and 841(b)(1)(c). On May 22, 2014, Defendant was sentenced to one hundred (100) month term of incarceration, to be followed by a three (3) year term of supervised release. Presently before the Court is Defendant's motion, pursuant to the Second Chance Act of 2017, Pub. L. No. 110-199, 18 U.S.C. § 3621, for a Court Order "recommending that he be placed in a nine (9) to twelve (12) month Residential Re-entry Center." For the following reasons, Defendant's motion must be denied.

18 U.S.C. § 3621(a) and (b) provide in relevant part that a person who has been sentenced to a term of imprisonment shall be committed to the custody of the Bureau of Prisons ("BOP") until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 18 U.S.C. § 3624. The placement of the person to a designated facility is subject to the discretion of the BOP subject to multiple factors, including, but not limited to, the resources of

Copies mailed/faxed to Defendant 7/30/19
Chambers of Nelson S. Román, U.S.D.J.

the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; and any statement by the court that imposed the sentence. 18 U.S.C. 3621(b).

18 U.S.C. § 3624(a) provides in relevant part that an inmate shall be released by the BOP on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence. The statue also imposes upon the Director of the BOP, to the extent practicable, a duty to ensure that an inmate serving a term of imprisonment spend a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community, which may include a community correctional facility such as a residential re-entry facility. 18 U.S.C. § 3624(c). However, the Director of the BOP retains discretion, upon considering all the relevant factors, to determine whether an inmate is eligible for placement in a residential re-entry center. 18 U.S.C. § 3624(c)(4); *United States v. Accardi*, No. 11-CR-12, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013); *United States v. Henderson*, 15-CR-487-18; 2019 WL 1460402, at *2 (S.D.N.Y. Mar. 18, 2019).

For the foregoing reasons, Defendant's motion for a Court Order ""recommending that [Defendant] be placed in a nine (9) to twelve (12) month Residential Re-entry Center" must be DENIED. The Clerk of the Court is respectfully requested to terminate the motions on ECF No. 32 and 34.

Dated: July 30, 2019  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge